UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP - 9 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

RYAN M. CONLON, )
 )
      Plaintiff, )
 )  Civil Action No. 1:20-cv-02237 (UNA)
v. )
 )
CIA, *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Linthicum, Maryland, sues the Central Intelligence Agency, National Security Agency, United States Army, Pentagon, and Department of Defense. He has filed a 232-page prolix complaint that, according to him, constitutes a "Civil Action Case against these federal or military entities for Electronic Harassment of a technology known as Microwave Hearing Effect, or Microwave Auditory Effect [used] to torture, threaten, and harass [him]." As a result, he

alleges that he has been "exposed to threatening Non-ionizing radiation [at] High-levels." He asks the Court to "subpoena" and investigate defendants and order them to stop torturing him, pursuant to the Torture Victim Protection Act.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case are dismissed. Plaintiff has also filed a "motion for discovery as evidence" and "motion requesting new legislation to make mind control illegal," both of which are denied as they reiterate the same frivolous arguments. A separate order accompanies this memorandum opinion.

Date: September 9, 2020

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge